## ZEIMET v. PHILLIPS *et al.*

The complaint alleged that defendants agreed to pay plaintiff the reasonable value of his services in quarrying stone. The evidence showed that what defendants agreed to pay was to be measured by amount due upon a contract for the stone, made with the proprietor of the quarry. *Held,* that plaintiff could not recover on the theory of his complaint, but if, without objection, the case was being tried on the theory of the evidence

it was error to exclude defendants' evidence of what the contract was, and how much was due upon it.

(Syllabus by the Court.　Opinion filed Nov. 9, 1895.)

Appeal from circuit court, Fall River county.　Hon. WILLIAM GARDNER, Judge.

Action to recover for services.　Judgment for plaintiff. Defendants appeal.　Reversed.

The facts are stated in the opinion.

*Chambers Kellar* and *J. H. Boomer*, for appellants.

A general denial puts the plaintiff upon the proof of the joint liability of defendants, if he would obtain a joint judgment.　Stafford v. Nutt, 51 Ind. 535.

*S. Loudenback*, for respondent.

KELLAM, J.　Respondent was plaintiff below.　In his complaint he alleges that defendants employed him to quarry stone for them in the Odell stone quarry, and agreed to pay him therefor "a reasonable price for the said work and labor"; that he worked 52 days, and that his work was reasonably worth $156.　The answer was a general denial.　For the amount claimed he recovered judgment, from which defendants appeal.

The evidence does not show, nor tend to show, such a contract as was alleged, but, if it shows any privity at all between plaintiff and defendants, it shows that what was to be paid was to be measured by a contract previously made between defendants and the Odell Stone Company, by which that company was to quarry the stone.　We have carefully read the evidence offered by plaintiff, and it nowhere appears that defendants promised to pay the reasonable value of plaintiff's services, but, on the contrary, it runs all through the evidence of both sides that the stone which were to be quarried and furnished under a contract with the Odell Stone Company would be paid for by defendants when delivered, and that they would see that what was due on the Odell contract should go to the men who did the work ratably, if it was not sufficient to pay them in full.　Plain-

tiff himself testified, in answer to a direct question, that Boomer, one of the defendants, told him that they (defendants) would "pay each his proportion of the contract price, and, if there was not enough, we were to divide it in this way"; and that Boomer told him, "I will not pay a single dollar except my contract." And again the plaintiff testifies: "You (Boomer) told me that you would stand between me and them, and would see that I got the pay that was coming for the stone"; and this is the very conversation upon which plaintiff predicates the agreement alleged in the complaint. We find nothing in the evidence inconsistent with this. On the contrary, the testimony of every witness corroborates it, and goes very directly to show that the defendants promised to pay to the men whatever might be coming on the Odell contract when the stone should be delivered. This comes far short of proving the agreement alleged in the complaint—that is, an agreement to pay generally what his labor was worth—and proves an expressly different one. The plaintiff offered no evidence tending to show how much, or that anything was due on the Odell contract, or that the stone had ever been delivered; and failed to make a case, either on the theory of his complaint or on the theory upon which the action seems, without objection, to have been tried. Defendants tried to prove what the Odell contract was, and how much they were to pay under it, and that the stone was gotten out under such contract. Such evidence was excluded by the court. We think that, with the other evidence in the case as it was, this ruling was wrong. It was material for the jury to know, so long as the case was being tried on that theory, what the contract called for, and how much was still unpaid, in order to know the extent of defendants' liability. The judgment is reversed, and the case remanded for a new trial